UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARI MORMAN AND DIANA WALKER

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL

CIVIL ACTION

NUMBER 13-195-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 23, 2013.

                                      STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARI MORMAN AND DIANA WALKER

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL

CIVIL ACTION

NUMBER 13-195-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion and Memorandum for Remand filed by the plaintiffs.  Record document number 5.  No opposition or other response has been filed.

Defendants removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1331, federal question, because the plaintiffs alleged claims under 42 U.S.C. § 1983 for violation of their federal constitutional rights.[1]  As to the plaintiffs' state law claims, the defendants asserted that the court has supplemental jurisdiction over them under 28 U.S.C. § 1367.

Plaintiffs thereafter filed a Motion for Leave to File First Supplemental and Amending Complaint as a Matter of Course,[2] along with this motion.  The motion for leave to amend explained that the plaintiffs desire to delete and dismiss causes of action arising

---

[1] Record document number 1, Notice of Removal, p. 2, ¶ 3.

[2] Record document numbers 4.

under federal law.[3]  Because the plaintiff's motion for leave to amend was filed before any defendant filed an answer or a motion for summary judgment, their motion is effectively a Rule 41(a)(1)(A), Fed.R.Civ.P., voluntary dismissal without prejudice of any federal claims alleged in their original Petition for Damages. Plaintiffs motion for leave to amend was granted.[4]  Plaintiffs' First Supplemental and Amending Complaint removes all federal claims, and the allegations therein provide no other basis for subject matter jurisdiction.

Plaintiffs argued that the court should now exercise its discretion, as permitted under § 1367, and decline to exercise supplemental jurisdiction over their remaining state law claims.

A review of the record showed that a scheduling conference has not been held and a scheduling order has not been entered.  Other than setting a scheduling conference,[5] ruling on the plaintiffs' motion for leave to amend, and issuing this Magistrate Judge's Report, the court has had no involvement in this case.  In these circumstances, the court should exercise its discretion under § 1367(c)(3) to decline to exercise its supplemental jurisdiction and remand the case to the state court.

---

[3] *Id.*, ¶ 5.

[4] Record document number 6.

[5] Record document number 2.

**<u>RECOMMENDATION</u>**

It is the recommendation of the magistrate judge that the plaintiffs' Motion and Memorandum for Remand be granted.

Baton Rouge, Louisiana, May 23, 2013.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE